Alla Gulchina, Esq. (SBN: 003732010)
Price Law Group, APC
86 Hudson Street
Hoboken, NJ 07030
T: (818) 205-2466
alla@pricelawgroup.com
*Attorneys for Plaintiffs,*
*Ralph and Elizabeth Young*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RALPH AND ELIZABETH YOUNG, <br><br> Plaintiff(s), <br><br> vs. <br><br> ONE MAIN FINANCIAL GROUP, LLC; and DOES 1 to 10, inclusive, <br><br> Defendant(s). | Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> (Unlawful Debt Collection Practices) <br><br> Demand Does Not Exceed $10,000 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Ralph Young ("Mr. Young") and Elizabeth Young ("Mrs. Young") (herein collectively as "Plaintiffs"), through their attorneys, allege the following against Defendant, One Main Financial Group, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based upon the violation of the Electronic Funds Transfer Act ("EFTA"), 15 USC §1693 et seq., which protects consumers when they use electronic means to manage their finances.

## JURISDICTION AND VENUE

2. Venue and personal jurisdiction in this District are proper because Plaintiffs reside in this District, Defendant's collection communications were received by Plaintiffs within this District and Defendant does or transacts business within this District.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. §1693m(g), which states that such actions may be brought and heard before "any United States district court…within one year from the date of the occurrence of the violation."

## PARTIES

4. Plaintiffs are natural persons residing in Lodi, Bergen County, New Jersey.

5. Plaintiffs are consumers as defined by 15 U.S.C. §1693a(6).

6. Defendant is a debt consolidator engaged in the business of offering personal loans with its principal place of business located in Watertown, Connecticut. Defendant can be served with process through 485 Main St Suite 3, Watertown, CT 06795.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

8. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiffs, who therefore sues them by such fictitious names. Plaintiffs will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## FACTUAL ALLEGATIONS

9. On March 10, 2016 at 2:29 p.m. EST, Mrs. Young called Defendant at (201) 796-9333.

10. Mrs. Young spoke with Defendant, representative Janice, and requested that Defendant stop taking all electronic payments from Plaintiffs' joint personal bank account; effective immediately. Janice informed Mrs. Young that any request to cancel automatic payments must be made by Mr. Young since he was the primary account holder.

11. Mr. Young, who was present while the call was being made and could hear the conversation, immediately took the call and confirmed the request that all automated payments be discontinued.

12. Janice tried to convince Mr. Young to commit to an online payment or in the alternative agree to a lesser payment amount. Mr. Young unequivocally declined her offers and clearly explained that he wanted no further deductions from the account.

COMPLAINT AND DEMAND FOR JURY TRIAL
- 3 -

13. On April 8, 2016, Defendant debited $194.08 from Plaintiffs' checking account despite the timely request by Mr. Young to discontinue the automatic deductions.

14. On May 9, 2016, Defendant transferred $194.08 from Plaintiffs' checking account a second time without consent.

15. The two unauthorized transfers from Plaintiffs' checking account violate the EFTA.

16. Transfers made on April 8, 2016 and May 9, 2016 from Plaintiffs' checking account were both unauthorized transfers. Defendant electronically transferred funds from Plaintiffs' checking account with no preauthorization after receiving Plaintiffs' requests to cease any and all automatic transfers as of March 10, 2016.

17. As a result of Defendant's conduct, Plaintiffs have been negatively impacted and endured additional hardships on their lives.

18. Plaintiffs did not have the available funds to cover the payments and therefore incurred overdraft fees.

19. As a result of Defendant's conduct, Plaintiffs checking account has a negative balance of ($453.59).

20. The unauthorized withdrawals caused Plaintiff's to fall behind on their rent payments for the month of April.

21. This brazen conduct is indicative of Defendant's collection practices and caused Plaintiffs to suffer emotional and mental distress.

## COUNT I

**(Violations of the Electronic Fund Transfer Act, 15 USC §1693 et seq.)**

22. Plaintiffs incorporate herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

23. Section 907(a) of the EFTA, 15 U.S.C. §1693(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing and a copy of such authorization shall be provided to the consumer when made."

24. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

25. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

26. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he

authorization process should evidence the consumer's identity and assent to the authorization." Id. at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." Id. at ¶10(b), comment 6.

27. Defendant continued to debit Plaintiffs' checking account on a recurring basis after receiving notification from Plaintiffs revoking any prior authorization, without obtaining a written authorization signed or similarly authenticated from Plaintiffs for preauthorized electronic fund transfers from Plaintiffs' account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

28. Defendant debited Plaintiffs' checking account on a recurring basis after receiving notification from Plaintiffs revoking any prior authorization, without providing to Plaintiffs a copy of a written authorization signed or similarly authenticated by Plaintiffs for preauthorized electronic fund transfers from Plaintiffs' account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

//

//

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, Ralph and Elizabeth Young, respectfully request judgment be entered against Defendant, One Main Financial Group, LLC, for the following:

A. Actual damages in the amount of $500.00 for funds debited from Plaintiffs' bank account;

B. Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

C. Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and

D. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: 6/16/2016

By: /s/ Alla Gulchina
Alla Gulchina (SBN: 003732010)
86 Hudson Street
Hoboken, NJ 07030
T: (818) 205-2466
alla@pricelawgroup.com
Attorneys for Plaintiffs